**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PAUL LOVE,

    Plaintiff,

v.

CENTRAL STATES, SOUTHEAST
AND SOUTHWEST AREAS
PENSION PLAN,

    Defendant

Case No. 1:11-cv-275

Weber, J.
Bowman, M.J.

**MEMORANDUM ORDER**

This is an ERISA benefits recovery action through which Plaintiff seeks an increased award of monthly pension benefits. Defendant Central States, Southeast and Southwest Areas Pension Plan ("Central States") is an ERISA regulated employee pension benefit plan, to which Plaintiff was a participant. 29 U.S.C. § 1001 et seq. This matter is now before the Court on Defendant's motion for sanctions and motion to strike. (Docs. 17, 20). Plaintiff has not responded to the motions.

Defendant's motion for sanctions asks the Court to consider evidence outside the administrative record, *i.e.* documents contained in Plaintiff's personnel file, in its analysis of the parties' pending cross motions for judgment. Notably, one of the central issues in this case is whether Plaintiff was on a bonafide leave of absence, and therefore eligible to make Self-Contributions to the Plan for the year 2004. Defendant determined that Plaintiff was not on a leave of absence, but was in fact terminated during this period and ineligible to make self-contributions. In 2006, in connection with another lawsuit, Defendant obtained Plaintiff's personnel file from Zenith. Several documents in Plaintiff's personnel file clearly

indicate that Plaintiff was terminated from his employment with Zenith for testing positive for drugs. (Doc. 1, Ex. B at 20-22). However, Plaintiff's personnel file contains documents that are not a part of the Administrative Record in this case.

In *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618-19 (6th Cir. 1998), the Sixth Circuit clarified when and to what extent a district court may go beyond the administrative record when reviewing a plan administrator's decision. The court is to conduct its review "based solely upon the administrative record." *Id.* at 619. Evidence outside the administrative record may be considered "only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id*. "This also means that any discovery at the district court level should be limited to such procedural challenges." *Id.*

Neither party in the present case has raised a procedural challenge to the administrator's decision-making, nor has Defendant cited any authority in support of its assertion that such evidence is properly considered as a sanction against the nonmoving party. Accordingly, consideration of evidence outside the administrative record is unwarranted under the facts presented. Defendant's motion for sanctions (Doc. 17) is herein **DENIED**.

Defendant also seeks to strike portions of Plaintiff's reply to Defendant's response to Reverse the Administrative Decision. (Doc. 20). Namely, Plaintiff's assertions that Defendant did not return self-contributions he made to Defendant in 2004. Defendant asserts that such statements should be stricken from the record because they were unsupported by any citations to the record or other evidence. *See* S.D. Ohio Civ. R.

7.2(a)(1) (a memorandum in support of a motion shall have citations to authorities relied upon). *See also* S.D. Ohio Civ. R. 7.2(e) (evidence ordinarily shall be presented, in support or opposition to any motion using affidavits, declarations, depositions, admissions, interrogatory answers and other documentary exhibits)).

As noted above, the Court's decision to reverse or affirm the administrative decision must be based solely upon the administrative record. Here, the Administrative Record does not include any evidence relating to the statements contained in Plaintiff's reply memorandum that Defendant seeks to strike. Defendant's motion to strike is unnecessary as such evidence cannot be considered by the Court. Accordingly, Defendant's motion (Doc. 20) is therefore **DENIED as MOOT**.

**IT IS SO ORDERED**.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge